You didn't raise the issue in your supplemental brief, is that correct? That is correct. And the supplemental brief to the district court? Right. That is correct. At the time that I received the transcript, the judge had, previous to that, the judge had indicated that we should prepare a cumulative brief because there had been so many different hearings. And one of the issues that the district court was concerned about was, because my main issue was the credibility of the agent, of the police officer, he wanted me to go ahead and prepare my arguments with respect to my attack on his credibility, where I felt that the agent had misrepresented the events in this case. When I requested the transcripts from the court reporter, the January 17th hearing was included. At the time when I prepared my supplemental briefing, I did not notice that it included the January 17th hearing. And the reason that that is clear from the record is because in my supplemental briefing, in my statement of facts, I don't make reference to the January 17th hearing. I make reference to all the other hearings, although it was attached as an exhibit to that pleading. And the reason it was attached to an exhibit is, of course, because there is testimony by that agent. So at that time, when I prepared my supplemental briefing, it did not dawn on me that there had been testimony taken against my client in my absence and my client's absence. It was only when I was preparing the brief for the court of appeals that I wondered why I didn't cross-examine the agent at that hearing. And then I recalled that I was not present, I checked the record, and I found out that I was not present at that hearing. Counsel, this is Judge Hanson. Are you telling us that the first time you tumbled to the Sixth Amendment violation here was when you were doing your brief for the court of appeals? That is correct. That's when I realized that evidence was taken at the January 17th hearing because what had happened at the January 15th hearing was we got continued to January the 17th. And I indicated to Judge Wilson that I was not available January the 17th because I had another court appearance. The judge indicated to me that I did not need to be present because I had concluded my examination of the agent. Counsel, this is Judge Rawlinson. At the subsequent hearing at which you were not present, it was a redirect examination, is that correct, of the police officer? What happened there was the other defense attorneys examined the agent because there were five different motions that were being handled at the same time. The motions were different defendants in the same case, but they all had separate facts, but they had some facts that were in common. The facts that were in common were the facts of the stash house. All of the individuals had left the stash house on different dates, and that's why they were being handled together. So the purpose of continuing the hearing to January the 17th was so that the other attorneys who had not done the cross-examination could do their cross-examination. I thought it was redirect examination. What ended up happening, yes, you are correct, but the purpose was to continue the hearing so that the other attorneys who had not had an opportunity to cross-examine could do so. The government then, following the cross-examination by the other attorneys, did a redirect examination. But at the hearing, the prior hearing, the prosecutor had indicated that she would have some redirect, didn't she? She did. She indicated, I will have some redirect. Wouldn't that indicate to you that it might implicate your client? I did not think it would implicate my client because I had already indicated that I had a conflict, I could not be there, and the judge had indicated I did not need to be there. So you were looking to the judge to protect your client's interest? No, I felt that the government would not seek to introduce evidence against my client if we were not present. Now, what evidence are you contending was introduced at that hearing that was not already of record? The evidence that was introduced was the focus was different. The focus that had been introduced already was with respect to the pattern that the government said had been developed at the Tucker residence. That had already been established, and there had been testimony with respect to Mr. Staves, the main defendant, communicating with the buyers. At this redirect examination where I was not present, a couple of things happened. One is the focus shifted. Instead of Staves' communications with the buyers, the focus was more on the – I'm sorry, in the initial one it was his communications with the suppliers. Now the focus was on Mr. Hamilton, and specifically what the government asked the agent to testify to, the police officer, was how was the pattern different with Mr. Hamilton to distinguish it. And the way he distinguished it was basically by giving his opinion, which I would have objected to had I been there. And his opinion was that the reason that in this case the facts were different but yet still fit the pattern was because Mr. Staves did not have the drugs yet, and while my client was there, he was negotiating trying to get them there. And he gave his opinion that based on what he knew, that that's why it took over two hours, even though in the pattern that they had observed for several months, the pattern was the buyer would show up, would be there just a few minutes, would leave, and would leave with the drugs. Here Mr. Hamilton arrived and there was no activity for over two hours. And the agent was permitted to testify after his opinion as to why that had happened. Then there was some additional testimony with respect to the stop. So what specific language did the officer use to which you're referring when you said it was opinion evidence? He testified. He testified. He testified. What page are you reading from in the record? I am looking at the chart that was prepared by the government. This is the government's brief, page 26, where they reproduced the testimony that was given. And it says Mr. Staves in various phone calls was heard trying to raise the additional five kilos. He was already in possession of five and they were waiting on an additional five. So that was the reason I believe he was there well over two hours. And he is a reference to Mr. Hamilton. That's what you think is the opinion evidence? Yes. Counsel, if we agree with you that there was an error in this case and we reversed this case, what do you propose would happen? I'm sorry, what would I suppose would happen? What do you propose should happen? I think that because my client was deprived of a Sixth Amendment right that the case should be reversed. And then what? And then I think we should go back to the district court. And I think because this was error on the part of, this was structural error, I think that the conviction should be reversed. Would your client then be allowed to withdraw the guilty plea? Yes. Okay. This is Judge Hanson. Is it fair to say that when the district court gave its approval to the conditional nature of the plea, as it has to under the rule, that the district court understood that the merits ruling it made on your motion to suppress would be the subject of the appeal? When my client ended his conditional plea, the only issue that was raised was, and the only thing that was known at that time was that I had filed a motion to suppress. That motion had been denied. It was my belief at that time that the only thing that we would be appealing would be the judge's ruling on the motion to suppress. So you are really asking us to blindside this district judge with a reversal on a procedural due process point that he did not get a chance to even hear argued, let alone rule on. Is that right? Well, I wouldn't call it blindsiding him, but yes, I am asking... Now, is he aware of this argument you're making? I'm sorry? Is he already aware that you're making this argument? No. The judge is not aware that I'm making this argument. Then why wouldn't he be blindsided? Well, I think that those... I just... I don't like the word blindsiding, I guess, because I think that there are oftentimes... Wouldn't you prefer the word sandbagged? No, I wouldn't. That looks to me like what you've done to this district judge. Well, I could not have raised an issue that I was not aware of, and that's why I am objecting to words that have the negative connotations of sandbagging, because that connotes that I had certain knowledge and that I intentionally did not raise it with the district court judge. That transcript was attached to your pleading. Yes, I understand that, but I was not aware that that testimony had been introduced in my absence. I knew that that transcript existed. Obviously, I attached it to my pleading, but at that time, I didn't realize that I had not been present. Let me... So was this one more date in a series of, like, five different days where we had hearings? This is Judge Fletcher. Let me change the subject slightly. Can you tell me at what level your client was sentenced? Because the plea agreement says that if it was 27 or under, he waived his right to appeal. Do you know what level it was? He didn't waive his... He was sentenced to 70 months. What would that be? That would be... That would be level 27. This is kind of an odd colloquy. If he was sentenced to 27 or below, he supposedly could not appeal. If it was 27 or above, the government couldn't appeal. And then the next sentence says, It is contemplated, however, that this is a conditional plea. The defendant retains the right to appeal the denial of the suppression motion in this case. So whatever the level, it's your position that he could appeal the suppression? That is correct. But the waiver with respect to the level applies to whether or not I can appeal sentencing issues. For example, let's say I would have argued downward departures or minor role or the amount of the drug, things like that. And let's say I would have lost on that issue. If the judge found that it was level 27, I could not appeal those issues. But those are independent to our right to appeal the motion to suppress. And that's why we entered into a conditional entry of a guilty plea, which takes us out of the general discussion with respect to appeal. You know, we do not have a copy of the plea agreement itself because apparently it was never filed. Is there anything in that plea agreement that is different or sheds any light on this colloquy? Other than indicating that it is a conditional guilty plea, it's a pretty standard plea agreement. There is nothing unusual about it. I'm not sure why it wasn't filed. We thought it had been filed in court. And I recall, and Mr. Seawright, who is on the line, was in court at the time. And it was something that we did very quickly. That morning it was signed, and it was my understanding that it would get filed. I don't know if it got misplaced by the clerk or what happened. But the terms and conditions of the conditional plea were never reduced to writing pursuant to the rule, were they? The terms of the conditional plea? Yes. The terms and conditions of the conditional plea, the conditions upon which the plea was entered. In other words, Rule 11 provides that the court, the government must consent to a conditional plea, the conditions of which are set out in writing. Now, that wasn't done in this case. I could be wrong, but I thought that was done in the plea agreement that we had. I don't have a copy of it, but I thought that it was done in the plea agreement. Mr. Seawright can probably speak to that. Counsel, if we agree with you that there was error, this is Judge Rawlinson, why is the error not harmless? Why is this a structural error in your view? In my view, the reason that this is a structural error is because it involves the Sixth Amendment right to counsel being present. This is not a situation where I think the Sixth Amendment right for counsel to be present is so significant that that's what elevates it to structural error instead of just considering it under plain error. However, I believe that even under plain error that we should still win. I addressed a lot of these arguments in my brief, but getting back to the structural error, I think the problem there is that because I was not present, I could not properly represent my client. That's the essence, I think, of the issue with respect to the Sixth Amendment. What case authority are you relying upon to say that this is structural error and no harmless error review is allowed? I argued, I believe it was the Brett case. Let me double check that. Well, the Brett case. And the Arizona versus Fulminante. Okay. All right. Do you want to save some time for rebuttal? Yes, I would. All right. Thank you. Good afternoon. Tim Seawright on behalf of the United States, and may it please the Court. I would like to begin by bringing two factual points to the Court's attention, one of which has been touched upon, but the other that I believe is important to each of the arguments being raised by the defendant in this case. The first point, factual point, is to note that what defendant is claiming is structural error, such that prejudice must be presumed, is recross examination of a witness during a pretrial suppression motion. That was redirect. Well, she is saying that she did not have an opportunity to engage in recross examination. I think she would have had that opportunity. This is Judge Fletcher. I want to say that I think the government was not only stupid, but possibly in violation of an ethical code. You don't ask or you do not put on testimony concerning a defendant who has been excused. I fault the judge and I fault the government. I understand what Your Honor is saying. I would like, in perhaps only a very slight and partial defense, to point out what was noted by defendant, and that is the fact that there were six or seven defendants, I believe, who were having suppression motions simultaneously. That is true, counsel, but you launched right into examination about Hamilton and wanted to supplement the record and clarify. Now, that was simply absolutely unacceptable in my view of how prosecutors conduct their business. I certainly agree that if the light had been on, the government would have not done that. I am not going to disagree with you on that, Your Honor. But continuing on from there, it was recross-examination of a witness during a pretrial suppression motion. This was not a trial that was taking place, and it was also not- Are you trying to tell us it wasn't a critical stage in the proceedings? No, no. I would certainly agree that a pretrial suppression motion as a whole is a critical stage, but the factual point I wanted to make is that we weren't talking about a denial of cross-examination. We were talking about a denial of recross-examination during a suppression motion. But there's another point here, a factual point, that I do want to make clear here that is important on each of the issues being raised by defendant, and that is this. The trial court held in denying the suppression motion that from the moment defendant drove away from the Tucker Street residence, there was probable cause to stop the defendant and search his car from that point forward. Now, there was evidence already in the record that this was based upon a wiretap operating inside the house, a hidden camera focused on the outside of the house, and there had been these four seizures made from the house previous to the defendant arriving there. And those facts are essentially uncontested by the defendant in this case. So what we're really talking about here on this issue of what was denied by not being able to engage in the recross-examination is something that certainly did not figure prominently, if at all, in the district court's decision in this case. That may be so, counsel. This is Judge Fletcher again. But we are looking at whether this is structural error, and if it's structural error, end of story. Yes. I want to go on from there and say just that. The argument here is that it is structural error such that prejudice must be presumed. First of all, on the facts, do note that the redirect examination of Deputy Cowett constitutes a total of three pages of the transcript. And one of those three pages was something on which the district court did not base its decision. But the other point, and more importantly on that issue of structural error, is one that has been alluded to by, I believe, each of you. And that is this. If it is that structural error, that kind of glaring error that comes out, then why would the defendant not have raised it in oral argument after the evidence was taken to the district court? It was attached to the pleading. It was cited to the transcript of that day. It was cited to in their pleading. Why, if it is this structural error, would that not have jumped out and defendants simply say to the trial court, to Judge Wilson, Your Honor, I wasn't present that day, and I want to reopen to conduct further cross-examination? Maybe the same light didn't go on for the defense counsel, it didn't go on for you. Well, that's certainly a well-taken point, Your Honor. But do bear in mind that it goes a little bit further with regard to the defendant. That transcript was attached to their brief. It was also cited to, so indicating that there had been some reading of the transcript. So it would, I guess I'll say, even, it seems highly unlikely, given that sequence of events. Counsel, this is Judge Fletcher again. Incompetence of defense counsel is not going to the point of structural error. I think the government was bad. I think defense counsel was bad. I think the judge was bad. But that's not really the point. Tell us why it's not structural error. It does seem to me that, based upon the court's decisions, that that issue of structural error also impugns or can raise the issue of whether the fairness and integrity of the criminal justice system is at issue here. And I simply don't think it is. When you go in and examine... Counsel, aren't you confusing structural error with the fifth element of plain error? I understand what Your Honor is saying. But it does seem to me that, based upon the court's case law, where the fairness and integrity of the criminal justice system is impugned, then in virtually every case is also found to be structural error. It does seem in many ways as if they are addressing the same type of problem. But, again, I would suggest, as the case law does, that not every error amounts to structural error. And we've cited the many cases that state that the absence of defendant counsel in brief settings and even the absence of defendant addressing the confrontation issue does not amount to structural error in every instance. In many cases, I think you do have to examine by analogy what the case law says. We have cited an out-of-district case, which does go quite far, in saying that the absence at a preliminary hearing does not amount to structural error. Of course, as defendant points out, that was criticized by some members of the Supreme Court in a denial of certiorari. But there are other instances in which sidebar conferences, which have not been found to be structural error. And simply by comparison, by analogy, this re-cross-examination of a witness during a suppression motion seems to be more in accord, by analogy, with those cases in which structural error was not found. Also, addressing that other prong, the fairness and integrity of the criminal justice system, I would put this sort of hypothetical out there for the court. What if defendant had been present with counsel on that day, there had been this direct examination, and then Judge Wilson had simply said, no, I'm not going to allow re-cross-examination. Now, we don't know that, and that is a hypothetical example. I think, counsel, that we would find that was an abuse of discretion. Well, there are many cases. Well, I won't say many cases. There are cases, as we've noted, that have stated that re-cross-examination is within the discretion of the trial court. But didn't the court allow re-cross-examination? I'm sorry, Judge Wilson? Did the court allow re-cross-examination by the people who were there? I believe they did in the case that was cited there. They did allow that. No, I mean in this case. The defendants who were there were allowed to re-cross. Yes, that's correct. And I do think if my hypothetical were true, and the defendant had said, may I have re-cross-examination, I think we can all picture the trial court as allowing it, maybe somewhat grudgingly. But the point I'm making is, I think that that issue of re-cross-examination and whether to allow it is within the discretion of the trial court. But I don't think there's any doubt that in this case it would have been allowed. Yes, I think that is the case. Because it was allowed. Yes, Judge, as you can see from the transcript as a whole, Judge Wilson generally permits that over and over again. His way of controlling it is to just make statements such as briefly or something like that. I agree with you that if it had been requested, it would have been allowed by Judge Wilson. But again, my point is, I think it is within a trial court's discretion to not allow it. And that would address the issue of whether or not it can really be said to go to the fairness and integrity of the criminal justice system. The next point I want to get to, though, is the reliance on structural error does show that there is considerable difficulty by the defendant in showing prejudice in this case. And I would suggest that the arguments in favor of prejudice that were raised by the court are not terribly persuasive. The one point that was made by the defendant a few minutes ago is that there was opinion testimony offered by the witness in the redirect examination that defendant could have been able to examine in more depth. Well, that opinion testimony is contained within the declaration. And there was ample opportunity that I believe was taken up by defendant to examine that opinion testimony. The other point that was made in the brief is that prejudice can be shown by the fact that in recross examination, there could have been a further examination of the credibility of the witness. But that leads me to my first point. Do bear in mind that what the trial court held is that from the moment the defendant drove away, there was probable cause to stop. And that's uncontested. So it's really very difficult in this case to show that there was prejudice. First, I don't think from the record that there's any indication that recross examination could have gone to credibility. And opinion with regard to what was occurring at the house was amply laid out in the declaration and examined during the initial cross examination. Second, to the extent that the court wishes me to address the facts concerning whether there was probable cause in this case to stop the vehicle and search it, the facts show that there were four seizures made from vehicles driving away from the house. And that on the day in question, the agents, not just the agent who was testifying, but also other agents, had already provided information concerning who were the suppliers and what was being overheard on the telephone inside the house on that particular day. Counsel, this is Judge Hanson. Yes. Am I correct in my assumption that when the district court gave its consent to the conditional nature of the plea, it had no idea that it was going to be charged with violating the defendant's Sixth Amendment rights? I think you're correct. All that was being said was the Fourth Amendment issue and the denial of the suppression motion. That is what was stated at the time of the plea. Now, I notice in a lengthy footnote in your brief that it's the government's position here that the Sixth Amendment issues are correctly before this panel, even though they were not part of the conditions approved by the district court. Would you tell me why you think that's the case? I think it is difficult to separate the two in this particular instance. I think that the Fourth Amendment issue, by virtue of the way that it is being argued, is closely interlocked with the Sixth Amendment issue. The defendant is raising certain claims as to what could be done in this case on further cross-examination. But again, we do note in here that there are exceptions to Rule 11, but it generally does state, or it does state, as Your Honor pointed out, that the conditional pleas are to be in writing. There have been cases which have said that agreement by the parties and a general understanding is sufficient. But Your Honor, I think, has a good grasp of what the state of the evidence is and what the state of the facts are. Counsel, do you have a copy of the plea agreement? Yes, I do have a copy of the plea agreement. It is not available. I don't have it right here at hand, and it is not part of the record. If we were to order it to supplement the record, you would be able to do that? Yes, that's correct. I don't know. Well, I'll just stop at that point. Yes, we would be able to do that. Was it filed with the district court? This is Judge Rawlinson. I believe it may have been filed with the district court after the fact. The defendant, in the statements made earlier, is stating it correctly. It was my belief as well that that plea agreement was submitted to the court at the time the plea was taken. I don't know why it did not get made part of the record. I would again point out, for what it's worth, that there were several other defendants pleading guilty in sort of a peremptory. Things changed very quickly, and there were many pleas to be taken in a short time. I'm looking at the transcript, and the court says, now, I have a copy of the plea agreement. My copy indicates that you signed it today. Is that correct? Yes. So, actually, it's clear that the district court, at least at one time, had it and had it in front of him. Yes, that is absolutely correct. All right. I will conclude very briefly. I again would ask the court to rely upon those two factual points, not just the fact that we are talking about recross examination, but also that the basis of the court's ruling was that the defendant, there was probable cause existed to stop and search the vehicle from the moment the defendant left the house. And that affects both of these arguments. It does not, the defendant at that point, there being probable cause to stop and search him at that point, it seems obvious that that further recross examination would not go to, did not constitute structural defect, or certainly impugn the fairness and integrity of the criminal justice system. Thank you, counsel. Rebuttal? Yes, briefly. First, with respect to my attaching the January 17th transcript, but not bringing it to the court's attention, contrary to the government's argument that it seems unlikely that I was unaware, I would disagree with that. And I think the fact that I attached it suggests that I was not aware that I had been absent, and otherwise I would have raised that issue before the district court. There was no reason for me not to raise it at that point. It doesn't make it, it wouldn't have made any sense for me to be aware of it, not raise it, wait for the appeal, and then raise it, and then risk hurting my client's chances on appeal, because risk the possibility that the court of appeals would then consider it under plain error rather than structural error. So, if anything, it just shows that I was not as sharp as I should have been in recognizing that that was the day when I was not present, and there is no excuse for that. But I can only say that that is what happened, that I attached it, I did argue it. As Judge Hanson noted, it doesn't, I mean, the relative performance of the attorneys does not affect whether or not there is structural error. Right, that's correct, and my point with respect to structural error is that not only was I not present, but my client was not present, he did not waive anything, and to make it even worse, we were excused from being present, and the government was certainly aware that we were not present, we were not there. They were aware we were not present, not only from the record, but because they were in court at the time that they're asking the question. Also, the cases that the government refers to where they suggest that there are situations where there's a deprivation of Sixth Amendment, but those are not structural error, those cases are all distinguishable. They are in my brief. I won't repeat them again except to point out that Leontie, which is one of the cases cited by the government, actually supports Mr. Hamilton's position that this is structural error. With respect to not, with respect to what could I have done had I been present, I think there are many things. It's speculation at this point, but first, I could have objected to the testimony on cumulative. I could have objected to the testimony on the basis that it was an opinion, and even if I would have gotten overruled on that, at least I could have clarified for the court that these were not facts that the agent was testifying to. These were his opinions. Now, the government makes a lot, makes much of the fact that we did not object to the fact that there had been four seizures before, and that's correct. We had nothing to do with those seizures. The point here was that Mr. Hamilton's conduct did not fit the pattern of the other seizures. All the other four were almost identical in terms of modus operandi, in terms of fitting the pattern. With Mr. Hamilton, it didn't fit the pattern. Are you arguing that the motion to suppress would have had a different result had you been there? Yes. I think that that is certainly a possibility. But it has to be more than a possibility. I think it has to be pretty reasonable to conclude that. Well, my position is his facts, the facts that were before the court, did not fit the pattern. The judge and the government, well, the government was relying on this pattern, saying, Mr. Hamilton's conduct fit the pattern. Look at this pattern, judge. And my position was it didn't fit the pattern. If that's what the judge is relying on, then our motion should have been granted. What do you say to opposing counsel's counsel argument that the court found there was probable cause once your client drove away? That is what the court found, that there was probable cause from the moment that he drove away from the stash house, and therefore the balance of the testimony by the agent was irrelevant. The whole issue of whether there was consent to search and all of that was taken out by the judge's ruling. And that's why this redirect of the agent became even more critical, because now it's down to what happened at that house, and now we have this agent coming in and giving his opinion as to why Mr. Hamilton's conduct and what happened did fit the pattern, even though it was different. Well, that doesn't make sense. It either fits the pattern or it doesn't. He testified to his opinion as to why it took over two hours. It's important to note that my client was not intercepted on any wiretap conversation. The agent had no idea who he was when he showed up. His facts were totally different from the facts of the other four seizures. And then on top of that, we have the fact that he's there for over two hours when there are eight to nine other people at that same house. Dave is having difficulty gathering drugs, but the question is, was he gathering them for my client? There is no indication that my client was even talking to Dave while he was inside the house. But the agent was permitted to testify that, in his opinion, that's why it took two hours, because Dave was having difficulty gathering these drugs for my client. And he specifically says in his testimony that that's what was going on and that's why he was waiting, and once he got the drugs, he left. And I didn't have a chance to rebut that. All right, counsel, we understand your argument. Are there any other questions from the panel? No, Judge Robinson. All right, this case is submitted. Thank you, counsel. Thank you.
judges: B. Fletcher, Hansen Rawlinson